# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRY REYNOLDS, | ) | |
| Petitioner, | ) | |
| v. | ) | CV417-069 |
| STATE OF GEORGIA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Terry Reynolds has filed a petition for writ of mandamus and a temporary restraining order against the State, seeking an injunction to halt his criminal proceedings because, *inter alia*, his arrest was without probable cause and involved excessive force, and his trial counsel is ineffective. Docs. 1, 4, 6 & 8. As of filing, his criminal misdemeanor case (for loitering and prowling, disorderly conduct, obstruction and resisting, and terroristic threats) remains pending. Doc. 1 at 1. The Court screens his Complaint according to 28 U.S.C. § 1915A.[1]

---

[1]  The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous

At bottom, Reynolds seeks to enjoin the state criminal proceedings, doc. 1 at 12, relief this Court cannot provide.[2] *Younger v. Harris*, 401 U.S. 37 (1971) (except in extraordinary circumstances, a federal court must abstain from deciding issues in an ongoing criminal proceeding in state court); *see Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining state criminal prosecutions.").

A federal court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law flagrantly and patently violates of the Constitution; (3) there is a showing of bad

---

or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee).

[2] Reynolds merges two separate concepts in his Complaint: an injunction and a writ of mandamus. From the relief he is seeking, it appears that he is just asking for an injunction. And anyway, a federal court does not have the authority to issue a writ of mandamus as to a state court. *See Schneider v. City of Hinesville*, 2010 WL 2942644, at *1 (S.D. Ga. June 28, 2010) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.") (quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)).

faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54). Reynolds offers no such showing -- the closest he comes is his conclusion that "the leveled charges [have] been brought in bad faith to humiliate, embarrass, and harass." Doc. 8 at 14. But this is not enough to pull this Court into the state's business. *See, e.g., Dilworth v. City of Everett*, 2014 WL 6471780 at *6 (W.D. Wash. Nov. 17, 2014) ("Plaintiffs have not satisfied the requirements to plausibly allege the bad faith or harassment exception to the *Younger* abstention doctrine."). Reynolds must pursue his claims in his state prosecution.[3]

Plaintiff also asks that counsel be appointed to help him enjoin the state prosecution. Doc. 9. In this civil case, however, he has no

---

[3] Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's *Younger* claim is dead on arrival, and does not appear amendable.

Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A

review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

In sum, Terry Reynolds' Complaint (doc. 1) should be **DISMISSED without prejudice** and his motion for a temporary restraining order (doc. 4) should be **DENIED** as moot. His motion for appointment of counsel (doc. 9) is also **DENIED**.

Meanwhile, Reynolds must pay his $350 filing fee. His furnished account information shows that he has had a $0 average monthly balance and $0 average monthly deposits in his prison account during the six months prior to filing his Complaint. Doc. 10 at 1. He therefore does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) shall set aside 20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Cooke's account custodian immediately. In the event he is transferred to another institution, his present custodian

shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from Cooke shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   29th   day of August, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA