UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERRY REYNOLDS, )
 )
    Petitioner, )
 )
v. ) CV417-069
 )
STATE OF GEORGIA, )
 )
    Respondent. )

## ORDER

Terry Reynolds has filed a petition for writ of mandamus and a temporary restraining order against the State, seeking an injunction to halt his criminal proceedings because, *inter alia*, his arrest was without probable cause and involved excessive force, and his trial counsel is ineffective. Docs. 1, 4, 6 & 8. Upon screening, the Court recommended dismissal without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (except in extraordinary circumstances, a federal court must abstain from deciding issues in an ongoing criminal proceeding in state court), and *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining state criminal

prosecutions."). Doc. 12 at 2.

Reynolds objected, contending that his state criminal proceedings have indeed resolved -- as part of a negotiated plea agreement, his terroristic threat charge has been dismissed and his loitering and prowling, disorderly conduct, and obstruction and resisting charges have been admitted. Doc. 13 at 3. Since then, probation revocation proceedings (for a prior aggravated assault felony) have ensued, and he complains that, all together, his ongoing state proceedings ought to be enjoined by this Court. *Id.* (complaining that the "characterization" of his felony offense during the revocation hearing has prejudiced him in some meaningful way).

Again, however, Reynolds asks this Court to intervene in his ongoing state criminal proceedings, relief this Court cannot provide. As discussed in the Court's recommendation, it has no authority to issue a writ of mandamus to a state court. Doc. 12 at 2 n. 2 (citing *Schneider v. City of Hinesville*, 2010 WL 2942644, at *1 (S.D. Ga. June 28, 2010)). And, to the extent that the plea has not yet been accepted and a sentence imposed, it cannot "enjoin the state court criminal proceeding unless: (1) there is a 'great and immediate' danger of irreparable harm

to be suffered as a result of the prosecution; (2) the state law flagrantly and patently violates of the Constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief." *Id.* at 3 (citing *Mitchum v. Foster*, 407 U.S. 225, 230 (1972)). Reynolds' complaints of "police brutality" at his arrest (he contends that he was roughed up, his clothing removed, and an unidentified substance injected into his buttocks solely on the basis of his race in violation of his constitutional rights), deficient performance of counsel, and "ongoing stigma" from his dismissed terroristic threat felony charge, *see* doc. 13 at 6-7 & 9-10, are still not enough to "to pull this Court into the state's business" and disrupt the disposition of his criminal case. Doc. 12 at 3 (citing *Dilworth v. City of Everett*, 2014 WL 6471780 at *6 (W.D. Wash. Nov. 17, 2014) ("Plaintiffs have not satisfied the requirements to plausibly allege the bad faith or harassment exception to the *Younger* abstention doctrine.")). Even assuming that his conviction has indeed been finalized and a sentence imposed, this Court can do nothing to overturn it until Reynolds first *fully* exhausts his state habeas remedies.[1]

---

[1] Once his state court criminal proceeding have been finalized into a conviction, *see*

3

Reynolds must pursue his claims in his state criminal proceedings and then in state habeas proceedings. The Court cannot provide Reynolds with the relief he seeks. Accordingly, the Report and Recommendation (doc. 12) is **ADOPTED**, and this case is **DISMISSED** without prejudice. Reynolds' request to be appointed *pro se* counsel (doc. 9) is also **DENIED** as moot.

---

doc. 13 at 3 (representing that the charges were either dismissed or disposed of in a plea agreement), Reynolds' complaints of constitutionally deficient process and representation of counsel would necessarily imply its invalidation. In that case, he must first exhaust his available state remedies through either a direct appeal or a petition for state collateral relief. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (federal "habeas corpus actions require a petitioner fully to exhaust state remedies" before seeking relief in federal court); 28 U.S.C. §§ 2254(b), (c).

As to his complaints that his civil rights have been violated, the Court notes that Reynolds has repeatedly and explicitly asked *only* for mandamus and injunctive relief in his ongoing state criminal proceedings. *See* docs. 1, 4, 6, 8 & 13. He does not expressly state a civil rights claim for either excessive force or racial discrimination that would support recharacterization of his Complaint as one under 42 U.S.C. § 1983. Nor does he allege facts supporting a malicious prosecution claim, which would among other things require that he demonstrate the criminal prosecution was favorably terminated in his favor (here, he pled guilty to the charges against him). *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). Even assuming he could do so, § 1983 relief would be unavailable, as he can challenge the fact or duration of his confinement only through habeas relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And that requires state-level exhaustion, through either a direct appeal or a petition for collateral relief, *before* seeking redress in federal court. *Wilkinson*, 544 U.S. at 79; 28 U.S.C. §§ 2254(b), (c). Dismissal without prejudice is warranted.

4

SO ORDERED, this 18th day of September, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA